TRUJILLO RODRIGUEZ & RICHARDS, LLC
Donna Siegel Moffa, Esquire
Lisa J. Rodriguez, Esquire
8 Kings Highway West
Haddonfield, NJ 08033
TEL: (856)795-9002
FAX: (856)795-9887

BERGER & MONTAGUE, P.C.
Sherrie R. Savett, Esquire
Michael T. Fantini, Esquire
Russell D. Paul, Esquire
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs and the Class

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No. _____ |
| vs. | |
| Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation | COMPLAINT - CLASS ACTION JURY TRIAL DEMANDED |
| Defendants, | |

---

## PLAINTIFFS' CLASS ACTION COMPLAINT

Plaintiffs Jared Workman, and Mark and Mona Cohen, by their attorneys, allege upon information and belief, the following:

1. This class action is brought, and these proceedings instituted, to redress the harms resulting from the manufacture, production, and sale by Menu Foods Limited, Menu Foods Inc. and Menu Foods Midwest Corporation of dog and cat food marketed under over 90 brand names.

Plaintiffs make the following allegations, except as to the allegations specifically pertaining to Plaintiffs and Plaintiffs' counsel, based upon the investigation undertaken by Plaintiffs' counsel, which included, inter alia, review and analysis of Defendant's website, press releases, news articles, and pleadings filed in other suits.

## PRELIMINARY STATEMENT

2. Defendants manufacture and sell over 90 brands of pet food for cats and dogs, including popular labels like Iams and Eukanuba and private label brands sold at large retail chains. On March 16, 2007, the parent company of Menu Foods Limited issued a press release announcing the recall of 60 million cans of contaminated dog and cat food manufactured between December 3, 2006 and March 6, 2007. The recall covers the "cuts and gravy" style pet foods in cans and pouches manufactured at two of Menu Foods Limited's U.S. manufacturing facilities - Menu Foods, Inc. and Menu Foods Midwest Corporation, located in New Jersey and Kansas, respectively.

3. The recalled pet food that Plaintiffs and Class members purchased and fed to their pets caused their pets to become ill through kidney disease, requiring veterinarians visits, medications, hospitalizations and, in some cases, burials of those pets that died due to renal failure caused by the contaminated pet food. Many pets that consumed the recalled tainted food now require ongoing monitoring of their health to ascertain the extent of the damage to their kidneys.

4. Plaintiffs here seek damages, injunctive relief, attorneys' fees, and costs against Defendants.

## PARTIES

5. Plaintiff Jared Workman resides at 1150 Unit D, Monroe Drive, Boulder, CO, 80303. Plaintiff Workman purchased and fed his cat Iams pet food that was manufactured by Defendants during the Class Period. This cat, named Seth, became ill with kidney disease, was hospitalized, and subsequently died of acute renal failure. In addition to the cost of purchasing the contaminated food, Plaintiff Workman incurred economic costs in connection with the medical treatment and burial of his cat, as well as continuous medical monitoring of his other two cats.

6. Plaintiffs Mark and Mona Cohen reside at 1415 Brighton Street, Philadelphia, PA 19111. Plaintiffs purchased and fed their dog Iams pet food that was manufactured by Defendants during the Class Period. This dog, named Cookie, subsequently developed symptoms of acute renal failure. In addition to the cost of purchasing the contaminated food, the Cohens incurred economic costs in connection with the medical treatment and damage to personal property caused by their dog's illness.

7. Defendant Menu Foods Limited is a Canadian corporation located at 8 Falconer Dr., Mississauga, ON , L5N 1B1. Menu Foods Limited has done business throughout the United States and in the State of New Jersey at all times relevant to this lawsuit.

8. Defendant Menu Foods Inc. is a New Jersey corporation, with its headquarters at 9130 Griffith Mogan Lane, Pennsauken, NJ 08110. Menu Foods Inc. has done business throughout the United States and in the State of New Jersey at all times relevant to this lawsuit. Menu Foods Inc. is a wholly-owned subsidiary of Menu Foods Limited and manufactures pet food for distribution in the United States.

9. Defendant Menu Foods Midwest Corporation is a Delaware corporation, with its headquarters at PO Box 1046, 1400 East Logan Ave., Emporia, KS 66801. Menu Foods Midwest Corporation has done business throughout the United States and in the State of New Jersey at all times relevant to this lawsuit. Menu Foods Midwest Corporation is a wholly-owned subsidiary of Menu Foods Limited and manufactures pet food for distribution in the United States.

10. The events complained of occurred throughout the United States and in the State of New Jersey.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this class action under 28 U.S.C. §1332(d)(2), (d)(5)(B), (d)(6) because (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

12. Venue in this Court is proper in that Defendants transacted business in this county and the conduct complained of occurred in this district, as well as elsewhere in New Jersey.

## STATEMENT OF FACTS

13. Defendant Menu Foods Limited purports to be the leading North American private label/contract manufacturer of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other retail and wholesale outlets. In 2006, Menu Foods Limited produced more than one billion containers of pet food.

14. Defendant Menu Foods Limited is the parent company of, and wholly-owns, both

Defendant Menu Foods, Inc. ("MFI"), located in Pennsauken, New Jersey, and Defendant Menu Foods Midwest Corporation ("MFMC"), located in Emporia, Kansas. MFI and MFMC are two of Menu Food Limited's manufacturing facilities in the United States.

15. At least from December 3, 2006 through March 6, 2007, Defendants failed to adhere to proper safety standards and failed to ensure that the pet food they manufactured and sold was free from contamination. More specifically, on March 16, 2007, the parent company of Menu Foods Limited issued a press release whereby it announced the recall of a portion of the dog and cat food manufactured between December 3, 2006 and March 6, 2007. The recall covers the "cuts and gravy" style pet foods in cans and pouches manufactured at two of Menu Food Limited's facilities - MFI located in Pennsauken, New Jersey and MFMC in Emporia, Kansas.

16. Reportedly, 60 million cans and pouches of the pet food were recalled.

17. The recalled pet food was sold under more than 90 brand names, including popular labels like Iams and Eukanuba and private label brands sold at large retail chains. A list of all brand names that were recalled is contained on the Company's website and is attached hereto as Addendum A. Retailers who sold the contaminated products include Ahold USA, Kroger Co., Safeway, Wal-Mart, Pet Smart, and Pet Value, among others.

18. Menu Foods Limited acknowledges receiving complaints in the United States which raised concern about pet food manufactured since early December 2006, and its impact on the renal health of the pets consuming the products. The Company has discovered that timing of the production associated with these complaints coincides with the introduction of an ingredient from a new supplier.

19. Stephen Sundlof, the Food and Drug Administration's (FDA) chief veterinarian,

said that Menu Foods began its own taste tests of its pet food beginning February 27, 2007 in approximately 40 to 50 pets. Within a few days, animals began showing signs of sickness. In early March 2007, 7 animals died. Menu Foods announced its recall weeks later, on March 16, 2007.

20. The FDA has reported that it received numerous calls and complaints from owners of sick and deceased pets, who flooded phone lines at State FDA offices, as well as calls from veterinarians and pet food companies. See Los Angeles Times, March 20, 2007.

21. To date, there are 15 confirmed death. The FDA expects the death toll to rise.

22. The FDA said that the investigation is focused on problems with wheat gluten, which Menu Foods Limited said had been coming from a new supplier. Wheat gluten is a source of protein and was used to thicken the gravy in the pet food.

23. Plaintiff Jared Workman owned a cat named Seth. During December 2006, Plaintiff Workman fed his cat Iams pet food, as well as other brand name cat foods which are now listed on the Company's recall list as contaminated products.

24. In December 2006, Plaintiff Workman noticed that his cat, Seth, was acting strangely. He was lethargic and eating less than usual. Plaintiff called his cat veterinarian, who came to the house to perform blood work. The vet reported that Seth was dying of kidney failure. Plaintiff Workman then took Seth to an animal hospital in Greeley, Colorado. After several days in the hospital, it became clear that Seth was most likely suffering from acute renal failure. After about one week in the hospital, and despite constant medical treatment, Seth died.

25. In addition to Plaintiff Workman suffering emotional distress from the loss of his cat, he spent approximately $2,500 in veterinarian bills and burial costs, which was not covered

by insurance. In addition, Plaintiff Workman spend almost $300 to have his other two cats tested, and will incur additional costs to have them continually monitored. In addition to these costs, Plaintiff Workman has not received any refunds for the cost of the contaminated pet food that he initially purchased. Finally, he estimates that it will cost him approximately $1,000 to purchase a new cat.

26. Plaintiffs Mark and Mona Cohen own an 11 month old dog named Cookie that is a Yorkie-Bijain mix. Beginning January 2007, the Cohens' dog Cookie became violently ill with severe vomiting. The Cohens had been feeding Cookie Iams dog food.

27. In January and February 2007, Cookie's condition worsened and Cookie developed symptoms of kidney disease, including vomiting, lethargy, excessive thirst, loss of appetite and dehydration. The Cohens took Cookie to the veterinarian on four separate occasions, including a midnight visit on February 9, 2007 to a veterinarian emergency room which required an x-ray at an additional cost of $300.

28. Although the Cohens' suspected that the Iams food might be involved in Cookie's condition, they were assured by their salesperson at PetSmart that this was unequivocally not the case and that Cookie should not be switched to a different dog food. The Cohens, however, insisted a switch be made, and purchased, at the recommendation of their PetSmart salesperson, a dog food under the brand name Nutro. Both Iams and Nutro were manufactured and recalled by Defendants.

29. Cookie is currently on an anti-nausea medication called Reglin and requires additional vetrinarian visits and monitoring of her kidney functions.

30. In addition to suffering emotional distress, the Cohens have incurred the costs of

medical bills not covered by their pet insurance, prescription medication bills, damage to their personal property including rugs and carpets caused by their's pet's illness, and the costs of future medical monitoring of their dog.

31. As a result of Defendants' wrongful actions, Plaintiffs and Class members have sick or deceased pets, and have suffered economic damages, including, but not limited to, the costs of the recalled pet food, the costs of medical treatment for their pets, burial costs, the costs to replace their pets, and the costs to replace or clean personal property damaged as a result of their pets' illnesses.

32. In addition, their pets will require continuous medical monitoring to gauge the long-term effects of the contaminated pet food on their kidney functions and overall health. Therefore, because the precise impact on the health of class members' pets is not currently known, Plaintiffs and the Class seek the cost of medical monitoring for their pets.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated.

34. The class which Plaintiffs seek to represent are composed of all persons in the United States who purchased any of the pet food brands manufactured by Defendants during the period commencing December 3, 2006, and ending March 6, 2007 (the "Class Period") that were recalled by Defendants.

35. The class is composed of thousands, and possibly millions, of persons, the joinder of whom is not practicable. The disposition of their claims in a class action will benefit both the parties and the Court. Defendants have recalled 60 million cans of pet food that it sold

throughout the United States during the Class Period, and thus the Class is sufficiently numerous to make joinder impracticable, if not impossible.

36. There are questions of fact and law which are common to all members of the class, including, inter alia, the following:

1. Whether Defendants breached any express or implied warranties when they manufactured and sold the recalled pet food;

2. Whether Defendants' negligently manufactured and sold the recalled pet food; and

3. Whether the Class has been damaged, and if so, the appropriate measure of damages including the nature of the equitable relief to which the class is entitled.

37. The above common issues of fact and law predominate over any arguable individualized issues.

38. Plaintiffs' claims are typical of the claims of the other members of the class because Plaintiffs' and all of the Class members' damages arise from and were caused by having purchased and fed the recalled pet food to their pets. As a result, the evidence and the legal theories regarding Defendants' alleged wrongful conduct are identical for Plaintiffs and all of the Class members.

39. Plaintiffs will fairly and adequately protect the interests of the members of the Class, and Plaintiffs have no interests which are contrary to or in conflict with those of the Class they seek to represent. Plaintiffs have retained competent counsel experienced in class action litigation to further ensure such protection and to prosecute this action vigorously.

40. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the

class, which would establish incompatible standards of conduct for the party opposing the class and would lead to repetitious trials of the numerous common questions of facts and law. Plaintiffs do not believe that any difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiffs believe and therefore aver that claims are small in relation to the costs of an individual suit, and a class action is the only proceeding pursuant to which Class members can, as a practical matter, recover. As a result a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41.     Proper and sufficient notice of this action may be provided to the Class members through notice published in appropriate publications.

42.     Plaintiffs and the members of the Class have suffered irreparable harm and damages as a result of the Defendants' wrongful conduct as alleged herein. Absent representative action, Plaintiffs and the members of the Class will continue to suffer losses, thereby allowing these violations of law to proceed without remedy.

## COUNT I - BREACH OF EXPRESS WARRANTY

43.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

44.     Defendants expressly warranted that the recalled brands of pet food were, in fact, ingestible food that was safe for consumption by dogs and cats.

45.     In addition, Defendants made numerous express warranties about the quality of its food and its manufacturing facilities. For example, Menu Foods touts the claim that it "manufacture[s] the private-label wet pet-food industry's most comprehensive product program

with the highest standards of quality" and it operates "state-of-the-art" manufacturing facilities in the United States and Canada.

46. Members of the Class were induced by Defendants' labeling, advertising and marketing the recalled brands of pet food as "food" to rely upon said express warranty, and did so rely in purchasing the recalled brands of pet food and feeding them to their pets.

47. In reliance on Defendants' untrue warranties, Plaintiffs and the Class purchased the recalled pet food and fed that food to their pets.

48. Plaintiffs and members of the Class sustained damages as a proximate result of said breach of warranty.

## COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

49. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

50. Defendants are merchants pursuant to sections 2-104 and 2-314 of the Uniform Commercial Code with respect to pet foods.

51. Through Defendants' marketing, labeling, and sales, Defendants impliedly warranted that the recalled pet food, which was sold to Plaintiffs and Class members and fed to their pets, was fit for the ordinary purpose for which it was intended, namely, to safely feed and nourish pets without any resulting negative health effects, pursuant to section 2-314 of the Uniform Commercial Code.

52.   Through Defendants' marketing, labeling, and sales, Defendants knew that Plaintiffs and Class members would purchase the recalled pet food at issue for the ordinary purpose of feeding their pets.

53.   Defendants manufactured, labeled, advertised, sold, and distributed the recalled pet foods at issue for the ordinary purpose for which it was purchased by Plaintiffs.

54.   Plaintiffs and Class members purchased and used the recalled pet foods for the ordinary purposes for which such goods are sold, namely feeding them to their pets.

55.   Plaintiffs and Class members relied upon Defendants' representations and claims in purchasing the recalled pet foods.

56.   The recalled pet foods purchased by Plaintiffs and Class members were unfit for their ordinary purpose when sold. In fact, such pet foods were contaminated and caused severe illness and/or death of the pets that consumed them. Therefore, Defendants breached the implied warranty of merchantability in the sale of the recalled pet foods at issue.

57.   Plaintiffs and members of the Class sustained damages as a proximate result of said breach of warranty.

## COUNT III - NEGLIGENCE

58.   Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

59.   Defendants owed a duty to pet owners who purchased its products to ensure that their pet food was safe for pets to consume and free from contamination, such that no pets consuming these products would be injured or die as a result of such consumption.

60.   Defendants breached said duty as described herein above when they failed to

adhere to proper safety standards and failed to properly ensure the safety of their products when they sold contaminated pet food, proximately causing damage to Plaintiffs and members of the Class.

61.   As a proximate result of the Defendants' conduct described herein, Plaintiffs and members of the Class have suffered damages as a result and continue to suffer damages as a result.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues triable by right before a jury.

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs pray for judgment as follows:

1. That this Court certify this action as a Class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and appoint Plaintiffs and their counsel to represent the Class;

2. That this Court enter judgment and award damages in favor of Plaintiffs and the Class, and against Defendants under the theories alleged herein;

3. That this Court establish a fund for the medical monitoring of Plaintiffs' pets to discover and treat the extent of kidney damage these pets have suffered as a result of consuming Defendants' recalled pet food;

4. That this Court award Plaintiffs all attorneys' fees, expenses and costs of this suit;

5. That this Court award Plaintiffs pre-judgment and post-judgment interest at the maximum rate allowable by law, compounded daily; and

6. That this Court grant such other, further, and different relief that the Court deems necessary, just, and proper.

Dated: March 22, 2007

Respectfully submitted,

TRUJILLO RODRIGUEZ & RICHARDS, LLC

By /s Donna Siegel Moffa
    Donna Siegel Moffa, Esquire
    Lisa J. Rodriguez, Esquire
    8 Kings Highway West
    Haddonfield, NJ 08033
    TEL: (856)795-9002
    FAX: (856)795-9887

BERGER & MONTAGUE, P.C.
Sherrie R. Savett, Esquire
Michael T. Fantini, Esquire
Russell D. Paul, Esquire
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

ROVNER, ALLEN, ROVNER ZIMMERMAN & NASH
Robert A. Rovner, Esquire
Jeffrey I. Zimmerman, Esquire
175 Bustleton Pike
Feasterville, PA 19053-6456
(215) 698-1800

Attorneys for Plaintiffs and the Class

Schedule A

Recalled Menu Foods' Pet Food Brands[1]

---

[1] http://www.menufoods.com/recall/product_cat.html, accessed March 21, 2007; http://www.menufoods.com/recall/product_dog.html, accessed March 21, 2007.



**Home**
**Recall Information**
Press Release
Cat Product Information
Dog Product Information

## Recalled Dog Product Information
### Recall Information 1-866-895-2708

1. Americas Choice, Preferred Pets
2. Authority
3. Award
4. Best Choice
5. Big Bet
6. Big Red
7. Bloom
8. Cadillac
9. Companion
10. Demoulas Market Basket
11. Eukanuba
12. Food Lion
13. Giant Companion
14. Great Choice
15. Hannaford
16. Hill Country Fare
17. Hy-Vee
18. Iams
19. Laura Lynn
20. Loving Meals
21. Meijers Main Choice
22. Mighty Dog Pouch
23. Mixables
24. Nutriplan
25. Nutro Max
26. Nutro Natural Choice
27. Nutro Ultra
28. Nutro
29. Ol'Roy Canada
30. Ol'Roy US
31. Paws
32. Pet Essentials
33. Pet Pride - Good n Meaty
34. Presidents Choice
35. Price Chopper
36. Priority Canada
37. Priority US

Menu Foo
8 Falcone
Streetsvill
Canada L!

38. Publix
39. Roche Brothers
40. Save-A-Lot
41. Schnucks
42. Shep Dog
43. Springfield Prize
44. Sprout
45. Stater Brothers
46. Stop & Shop Companion
47. Tops Companion
48. Wegmans Bruiser
49. Weis Total Pet
50. Western Family US
51. White Rose
52. Winn Dixie
53. Your Pet

© Copyright 2006, Menu Foods Income Fund, All Rights Reserved.
Best viewed using Internet Explorer.

# MENU FOODS INCOME FUND



Home
**Recall Information**
Press Release
Cat Product Information
Dog Product Information

## Recalled Cat Product Information
### Recall Information 1-866-895-2708

1. Americas Choice, Preferred Pets
2. Authority
3. Best Choice
4. Companion
5. Compliments
6. Demoulas Market Basket
7. Eukanuba
8. Fine Feline Cat
9. Food Lion
10. Foodtown
11. Giant Companion
12. Hannaford
13. Hill Country Fare
14. Hy-Vee
15. Iams
16. Laura Lynn
17. Li'l Red
18. Loving Meals
19. Meijer's Main Choice
20. Nutriplan
21. Nutro Max Gourmet Classics
22. Nutro Natural Choice
23. Paws
24. Pet Pride
25. Presidents Choice
26. Price Chopper
27. Priority US
28. Save-A-Lot
29. Schnucks
30. Science Diet Feline Savory Cuts Cans
31. Sophistacat
32. Special Kitty Canada
33. Special Kitty US
34. Springfield Prize
35. Sprout
36. Stop & Shop Companion
37. Tops Companion

Menu Foo
8 Falcone
Streetsvill
Canada L

38. Wegmans
39. Weis Total Pet
40. Western Family US
41. White Rose
42. Winn Dixie

© Copyright 2006, Menu Foods Income Fund, All Rights Reserved.
Best viewed using Internet Explorer.