# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JARED WORKMAN, and MARK AND MONA COHEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS LIMITED, MENU FOODS INC., and MENU FOODS MIDWEST CORPORATION,<br><br>Defendants | Civil Action No.: 07-cv-01338 (NLH) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED LETTER TO CLAIMANTS

Gerard H. Hanson, Esquire
Hill Wallack LLP
Attorneys at Law
CN 5226
202 Carnegie Center
Princeton, NJ 08543-5226
(609) 924-0808
Attorneys for Defendants
Menu Foods, Inc., Menu Foods Limited,
Menu Foods Midwest Corporation

Edward B. Ruff, III, Esquire
Michael P. Turiello, Esquire
Pretzel & Stouffer Chartered
One South Wacker Dr.
Suite 2500
Chicago, IL 60606-4673
(312) 346-1973
Pro Hac Vice Attorneys for Defendants
Menu Foods, Inc., Menu Foods Limited, and
Menu Foods Midwest Corporation

## PRELIMINARY STATEMENT

On May 18, 2007, this Court heard oral arguments on Plaintiffs' Emergency Motion for an Order to Show Cause Why Defendants' Communications Should Not be Limited or Supervised. At that Hearing, the Court asked Plaintiffs' counsel to explain "why [Plaintiffs] think [their] proposed additional communication clears up anything about the prior communication that was in [Plaintiffs'] view misleading or coercive, or otherwise violative of the general rules concerning communication with putative class members." (May 18, 2007 Hearing Transcript, pp.82:4-11). The Plaintiffs' main objection to the communication sent by Menu Foods is that it failed to advise pet owners of a third option - doing nothing. The Plaintiffs have failed to identify a specific record of any real or threatened abuse, but rather have submitted a letter which is a blatant mass marketing tool designed to drum up additional business for this particular group of Plaintiffs' counsel. The Plaintiffs' request is ill-founded. Granting the relief requested would constitute forced speech in violation of the First Amendment to the United States Constitution.

1

## LEGAL ARGUMENT

A.  **Plaintiffs Have Failed to Present Any Evidence of Actual or Threatened Misconduct to Warrant Restriction of Defendants' Communication with Putative Class Members.**

The Supreme Court has held that trial courts may <u>not</u> exercise the power to restrict communications with putative class members "without a specific record showing by the moving party of the particular abuses by which it is threatened." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). Here, Plaintiffs have set forth no evidence of any misconduct on the part of Menu Foods to warrant restricting Menu Foods' communication with putative class members. Moreover, Menu Foods' correspondence meets the *General Motors* test in that it contains sufficient information to enable a class member to determine: (1) whether to accept the offer; (2) the effects of settling; and (3) the available avenues for pursuing the claim if he or she does not settle. *In re General Motors*, 594 F.2d 1106, 1139 (7th Cir. 1939). The letter accurately describes the status of the pending litigation, notes the existence of pending class action lawsuits, clearly explains the effects of settling, repeatedly recommends the advice of counsel, and even attaches a list of plaintiffs' attorneys by state who have filed class action lawsuits. In their letter to the Court, Plaintiffs fail to present any evidence of "actual or threatened misconduct of a serious nature," as required under Rule 23(d). *Manual for Complex Litigation,*

*Second*, Section 30.24 (1985). Accordingly, Plaintiffs have not met their burden of proof. Thus, their Motion should be denied.

### B. Plaintiffs' Proposed Changes are Misleading and Unnecessary.

Plaintiffs contend that their proposed "Letter" to the claimants is "necessary to correct misleading omissions or statements in Defendants' communications." As stated in *Cole*, courts must give "explicit consideration to the narrowest possible relief which would protect the respective parties." *Cole v. Marsh*, 560 F. 2d 186, 189 (3d Cir. 1977), *quoted in Gulf Oil*, 452 U.S. at 102. In response to Plaintiffs' proposed changes (which are repeated below), Defendants state the following:

> 1. "The numerous class action lawsuits that have been filed throughout the United States by pet owners against Menu Foods and other potentially responsible parties are likely to be coordinated or consolidated into a single action before a single judge within the next two months by the Judicial Panel on Multidistrict Litigation. All these cases that will likely be coordinated or consolidated are part of what is referred to as In re Pet Food Products Liability Litigation, MDL No. 1850. A list of attorneys representing pet owners in MDL No. 1850, including their contact information, is attached to this letter."

Plaintiffs' proposed phrasing is misleading. The proposed paragraph assumes that after multi-district litigation ("MDL") consolidation, the transferee court will immediately consolidate approximately ninety (90) Class Action

3

Complaints into a "single action." This is a wild overstatement as to the procedure which may or may not occur post-consolidation, and misleads the pet owner into believing that the transferee court will automatically certify a national class. This statement is also fairly presumptuous on the part of this group of Plaintiffs' counsel who cannot state whether the transferee court, or the host of other plaintiff attorneys around the county, will consent to an immediate consolidation of all pending actions into one Master Complaint. The actions of Plaintiffs' counsel in filing twenty (20) Class Action Complaints belies their own assertion that the consolidation into one action within the next two months will be neat and tidy, and is a foregone conclusion. Counsel for different plaintiffs have filed multiple actions in multiple venues, both in state and federal court, naming different defendants, seeking to certify different classes, alleging different causes of action in cases involving different types of pets. Moreover, class certification is highly speculative and will be vigorously opposed by Menu Foods. For these reasons, <u>Menu Foods disagrees with the phrase "into a single action."</u>

> **2.** **"As a pet owner whose pet may have been harmed by a recalled Menu Foods product, you are automatically a member of the class of plaintiffs who have brought actions against Menu Foods, and you do not need to do anything else to pursue your rights as a member at this time. If you do not choose to settle directly with Menu Foods, you are automatically eligible to receive a portion of any recoveries received by the class if a class is certified."**

4

Plaintiffs' proposed paragraph suggests that a class will be certified automatically. This information will mislead and misinform putative class members. To date, no class has been certified. Thus, pet owners are not "automatically a member of the class of plaintiffs who have brought actions against Menu Foods." Further, <u>since no class has been certified, Plaintiffs' counsel cannot represent to pet owners that they "do not need to do anything to pursue [their] rights as a member" To the contrary, if a class is not certified, pet owners will have to do something to pursue their rights</u>. Additionally, pursuant to the Rules of Professional Conduct Rule 7.1(a)(2), "[a] lawyer shall not make false or misleading communications...if it is likely to create an unjustifiable expectation about results the lawyer can achieve." RPC 7.1 (2007). Here, Plaintiffs' counsel proposes to tell pet owners, before a court has made a determination on class certification, that they are automatically a member of a class and do not need to do anything to pursue their rights. This clearly "creates an unjustified expectation about results [Plaintiffs' counsel] can achieve."

Plaintiffs' proposed statement does not fully advise the pet owner about the consequences of "doing nothing." The proposed correspondence from Plaintiffs suggests that, rather than enter into an individual settlement, the pet owner can simply sit back and wait for a check to arrive. It does not inform the pet owner that the possibility of class certification is highly speculative. It does not inform the pet

5

owner that courts typically disfavor class certification in product liability actions such as this. It does not inform the pet owner that, by sitting back and doing nothing, they could potentially receive pennies on the dollar several years from now in the unlikely event that a class is certified. Allowing this group of Plaintiffs' counsel to mass mail putative class members and suggest in a vacuum that they can simply sit back and do nothing will only heighten confusion, and will grossly mislead putative class members. Menu Foods sent litigation neutral correspondence that fully and fairly advises pet owners of the effect of settling and the available avenues other than entering into an individual settlement. The correspondence repeatedly advises the pet owners to speak with an attorney should any claimants have any additional questions regarding their rights. Menu Foods has fully complied with its obligations under *General Motors* and its progeny, and therefore the relief requested by Plaintiffs' counsel should be denied.

> 3. **"If you choose to pursue a settlement directly with Menu Foods by filling out and submitting the Claim Form sent to you separately by Menu Foods, please know that returning the Claim Form to Menu Foods will not preclude you from pursuing other available avenues for recovery at a later date, including being a part of the class action, in the event that you are not satisfied with Menu Foods' settlement offer. In addition, once you receive a settlement offer from Menu Foods, you are not bound to accept it and are free to contact an attorney for advice at that time. However, please note that if you do accept a settlement offer from Menu Foods, you will not be able to participate in the class action."**

Plaintiffs' statement "...you will not be able to participate in the class action," again misleads the pet owner and suggests that there currently is a class. Menu Foods, however, does not object to again advising pet owners of their rights to reject any settlement offer at the time that offer is made. As is more fully discussed *infra*, any such communication should come from Menu Foods.

4. **"If you are at all unclear of any of your legal rights or options at this time, please do not hesitate to contact any of the attorneys on the attached list, or another attorney of your choice."**

Menu Foods, in its May 14, 2007 letter to pet owners regarding settlement, repeatedly advised individual pet owners to contact an attorney should they have any questions. For the reasons discussed, *supra*, it is entirely unnecessary for individual pet owners to be targeted by a specific group of Plaintiffs' counsel.

5. **"If you are currently represented by counsel in this matter and have received a communication directly from Menu Foods, please disregard that communication completely and inform your attorney immediately."**

On May 18, 2007, per the Court's instruction, counsel for Menu Foods directed Crawford to cease communication with individual pet owners until it has purged its list of any named class representative and any individual pet owner that is represented by counsel. Menu Foods has provided Crawford with a complete list of all named plaintiffs and the names of individual pet owners who directly or through counsel have indicated that they are represented in this action. This list

7

will be updated daily. If Plaintiffs' counsel wishes to provide Menu Foods with the names of all putative class members they have currently signed up, those names will be purged as well. Counsel for the Defendants would also ask Plaintiffs' counsel to exercise some control and direct their clients not to contact Menu Foods or Crawford directly.

      **6.    Plaintiffs' Reference to the Honorable Judge Hillman Is Misleading and Should Be Omitted.**

Plaintiffs' reference to Judge Hillman is misleading and should be removed from the proposed letter. As written, this correspondence will mislead putative class members, the vast majority of whom reside outside of the jurisdiction of this court, that Judge Hillman has already been selected as transferee judge. Also, indicating that the Court sanctions this particular communication may erroneously suggest that the Court is pre-disposed in favor of class certification. For these reasons, any reference to any Judge should be omitted from Plaintiffs' proposed letter.

      **C.    Plaintiffs' Request That This Court Order Menu Foods To Post Plaintiffs' Proposed Correspondence on its Website, or Send the Correspondence to Putative Class Members Violates the Defendants' First Amendment Rights.**

Plaintiffs ask that this Court order Menu Foods to post a letter from select Plaintiffs' counsel on its website and distribute the letter to putative class members. This request constitutes forced speech in violation of the First Amendment. Menu

Foods should not be compelled to embrace, post or distribute marketing materials for a select group of Plaintiffs' attorneys who are adverse to Menu Foods in pending litigation. Clearly, Menu Foods would not allow its website to serve as a virtual billboard advertising the services of these particular attorneys. Any Order requiring Menu Foods to post or distribute such communication violates the First Amendment as it is compelling Menu Foods to express certain views that are not its own. *See generally, U.S. v. United Foods, Inc.*, 533 U.S. 405, 121 S.Ct. 2334 (2001). Menu Foods wholeheartedly disagrees with the contents of Plaintiffs' letter and should not be compelled to post it on its website or distribute it in any fashion.

**D.   Any Further Correspondence Regarding Menu Foods' Settlement Offer Should Come from Menu Foods and Not Plaintiffs' Counsel.**

If the court orders that additional information to pet owners is required, any additional letter should come from Menu Foods rather than from Plaintiffs' counsel. To that end, Menu Foods has prepared correspondence which will accompany any offer made to individual pet owners. See, draft Settlement Offer to Pet Owners, attached hereto and marked as Exhibit "A." This correspondence advises the pet owners of their right to reject the offer, consult with an attorney and/or forego an individual settlement and participate in a potential class action. The letter also fully advises the pet owners that if they accept the offer from Menu

9

Foods, they will not be able to participate in a class action should one be certified. In its draft Settlement Offer, Menu Foods goes beyond its obligations, and again advises the individual pet owners of their rights and available alternatives. Menu Foods steadfastly submits that each of its communications with individual pet owners was proper. However, this Settlement Offer further obviates the need for any curative correspondence from Plaintiffs' counsel.

Plaintiffs' proposed letter is an attempt to have this Court sanction direct marketing and solicitation by Plaintiffs' counsel to putative class members. This is clearly evident by the fact that Plaintiffs' proposed letter includes only their names and contact information. Defendants have gone above and beyond its legal obligation to notify claimants of the existence of class action lawsuits. Defendants have disclosed to pet owners a list, organized by state, of every plaintiffs' attorney known to Defendants to have filed a class action lawsuit. Plaintiffs' proposal to list their names to the proposed letter in addition to Defendants' list of plaintiffs' attorneys is not only unnecessary but cumulative

### E. Unauthorized Discovery

Plaintiffs fail to set forth any case law to support their contention that they are entitled to "all information [Defendants] have thus far received from potential class members who responded to Defendants' Initial Claim Form." Moreover, a stay of all proceedings pending a transfer decision by the Judicial Panel has been

entered. Forcing Defendants to disclose this information to Plaintiffs' counsel would defeat the purpose of the stay and undermine the benefits of having discovery coordinated and consolidated in the MDL. A transferee judge may later decide that this information is privileged, not discoverable and/or overly broad and burdensome. The transferee judge would be in a better position to make rulings on discovery to prevent inconsistent rulings and duplicative discovery. Furthermore, Plaintiffs' request for this information has no bearing on the pending motion as to whether Defendants' communication has been proper. Accordingly, Plaintiffs' request for all information that Defendants have received from putative class members constitutes authorized, premature discovery and should not be granted.

## CONCLUSION

Menu Foods' proposed letter to claimants regarding settlement provides sufficient information to enable pet owners to make a decision on whether to settle, the effects of settling and other available avenues to pursue if they decide not to settle. Further, Plaintiffs' proposed language is misleading and unnecessary.

WHEREFORE, Defendants, MENU FOODS LIMITED, MENU FOODS INC. and MENU FOODS MIDWEST CORPORATION, respectfully request this Court deny Plaintiffs' Motion.

Respectfully submitted,

By: *Gerard H Hanson*
Gerard H. Hanson

Dear Pet Owner:

Thank you for taking the time to complete the Claim Form(s). Menu Foods has reviewed your completed Claim Form(s) and all attached documents that you have submitted. After a thorough evaluation of your claim(s), Menu Foods now wishes to settle your claim, and extends a settlement offer in the amount of $_____ as full and final settlement of your claim(s) related to Menu Foods' recall.

You are not obligated to accept this settlement offer. You are free to contact any of the attorneys from the attached list, or another attorney of your choice, for advice as to your legal rights or options at this time. You are also free to pursue other available avenues for recovery at a later date, including being a part of a class action lawsuit.

If, however, Menu Foods' settlement offer is acceptable to you, and you wish to settle rather than pursue other available avenues, you are required to sign the enclosed settlement agreement that would release any and all claims for damages that you may have arising out of the recall and/or related to the injury and/or death of your pet. We ask that you carefully read, then sign and date and return the enclosed "Full and Final Release and Settlement Agreement" to us. Please note that if you do execute the "Full and Final Release and Settlement Agreement," you will be precluded from participating in a class action lawsuit or filing your own lawsuit at a later date. If you are at all unclear about the language of the "Full and Final Release and Settlement Agreement" and/or any of your legal rights or options, we suggest that you speak to an attorney.

If you are currently represented by counsel in this matter, please completely disregard this and any other communication you have received directly from Menu Foods, and inform your attorney immediately.

# EXHIBIT A