**BLIM & EDELSON, LLC**   ATTORNEYS AT LAW

THE MONADNOCK BUILDING • 53 WEST JACKSON BOULEVARD
SUITE 1642 • CHICAGO, ILLINOIS 60604

TEL: (312) 913-9400
FAX: (312) 913-9401
WWW.BLIMLAW.COM

<u>VIA HAND DELIVERY</u>

May 22, 2007

The Honorable Noel L. Hillman
United States District Court; District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza; Room 6020
Camden, NJ 08101

**RECEIVED**
MAY 23 2007
NOEL L. HILLMAN
U.S. DISTRICT JUDGE

Re:   *Workman v. Menu Foods Limited*, No. 07-CV-1338

Dear Judge Hillman:

My law firm represents a putative nationwide class of individuals in a lawsuit entitled *Majerczyk v. Menu Foods*, 07 C 1543, brought against several Menu Foods entities. Additionally, we represent approximately 600 individuals whose pets have been killed or injured as a result of conduct related to the recent pet food recalls.

Yesterday evening, we learned for the first time that Workman plaintiffs were seeking the Court's imprimatur on a letter to be sent to many of our individual clients and members of our putative class. Because we believe that both Workman and Menu Foods have drastically understated the problem and because we believe that Workman's requested remedial action would exacerbate rather than vitiate the problems at which it is directed, we respectfully request to be heard.

Attached hereto are signed declarations from five of our clients. As they make evident, Menu Foods' recent actions have, in many instances, gone beyond improper and risen to the level of harassment, including repeated automated telephone calls to individuals they know or should know to be represented by counsel.

For these reasons (as well as the reasons stated in the Workman plaintiffs' briefs), Menu Foods conduct is inappropriate and should be called to a halt.

However, Workman's proposed solution would only worsen the problem. Indeed, the Workman plaintiffs ask that they be allowed to send out what is tantamount to a solicitation letter endorsed by the Court. And while the letter is only a page in length, it is replete with misleading and highly questionable statements:

The Honorable Noel L. Hillman
May 22, 2007
Page 2

- Workman's counsel state that each recipient of the letter is "automatically a member of the class of plaintiffs who have brought actions against Menu Foods" and that the recipients will not need to "do anything else to pursue [their] rights" at this time. This is false and dangerously so, for at least two reasons. First, there no class has been certified and thus there is no "class of plaintiffs"; rather, there are only numerous, overlapping putative classes. Second, Workman's counsel cannot possibly be sure that each recipient of the letter fits within the definition of *any* putative class.

- Workman's attorneys wish to advise the public that "[t]he class action lawsuits that have been filed throughout the United States" are likely to be transferred to a single court. While that is certainly true for the class actions filed in federal court, Workman's counsel ignore the fact that numerous class actions have been filed in state court. It remains to be seen whether all of those state court actions will be removed to and/or remain in federal court.

- Workman's counsel suggest that individuals will not be harmed by returning claim forms to Menu Foods. This view, however, stands in stark contrast to the statements the same attorneys made to this Court -- *i.e.*, that the claim form process is a way for Menu Foods to obtain information that it can use to defend the instant lawsuits. This aspect of the proposed letter also conflicts with the advice my firm is providing our clients.

- Workman's counsel invite people to "contact any of the attorneys on the attached list," an astonishing proposal, particularly when made to people already represented by counsel.

In the end, Workman's letter does what the ethical rules would otherwise prohibit, that is, it is a thinly veiled solicitation letter predicated on misleading advice to thousands of people, many of whom are already represented by counsel.

My firm, on behalf of all of its clients, suggests that the Court enter an injunction prohibiting Menu Foods from communicating further with any member of any putative class that has sued them. If the Court believes a corrective letter is in order, it should come from the Court -- not from any attorney -- and it should contain neutral and accurate information only.

Best regards,

/s/ Jay Edelson

Jay Edelson

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
JARED WORKMAN, et al              )
                                  )
              Plaintiffs,         )    No. 07-cv-1338
                                  )
       v.                         )
                                  )
MENU FOODS LIMITIED, et al        )
                                  )
              Defendants.         )
----------------------------------x
```

### Declaration of Jon Janke

Based on personal knowledge I swear as follows:

1. I am a client of Blim & Edelson, LLC for purposes of redressing injuries suffered as a result of Menu Foods' sale of contaminated pet food.

2. On April 2, 2007, prior to retaining counsel, I contacted Menu Foods to see if it would compensate me.

3. Starting last week – and after I retained counsel – I have received five automated phone calls from Menu Foods or its agents, including two on May 18, 2007, and two on May 21, 2007.

Under penalty of perjury under the laws of the United States, I declare that the foregoing is true and correct and that this declaration was executed on May 22, 2007.

*Jon Janke* (signed)

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JARED WORKMAN, et al | ) |
| | ) |
| Plaintiffs, | )  No. 07-cv-1338 |
| | ) |
| v. | ) |
| | ) |
| MENU FOODS LIMITIED, et al | ) |
| | ) |
| Defendants. | ) |

-------------------------------------------------------x

**Declaration of Claire Moomjian**

Based on personal knowledge I swear as follows:

1. I am a client of Blim & Edelson, LLC for purposes of redressing injuries suffered as a result of Menu Foods' sale of contaminated pet food.

2. On April 24, 2007, I spoke to Menu Foods or its agent ("Menu") about my situation. I informed Menu that I did not want to speak further until I spoke with my counsel, Jay Edelson. Menu verbally confirmed that I was represented.

3. A few days later, Menu called back and I again explained I have retained an attorney. I told Menu I did not wish to speak with it further. Menu responded by saying "so you don't want a settlement package?" I explained that I did not.

4. On May 18, 2007, I received an automated phone call from Menu informing me that it was sending me a settlement package.

Under penalty of perjury under the laws of the United States, I declare that the foregoing is true and correct and that this declaration was executed on May 22, 2007.

                                                        [signed copy to follow]
                                                        Claire Moonjian

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JARED WORKMAN, et al )
)
                Plaintiffs, )   No. 07-cv-1338
)
      v. )
)
MENU FOODS LIMITED, et al )
)
                Defendants. )

**Declaration of AJ Cook**

Based on personal knowledge I swear as follows:

1. I am a client of Blim & Edelson, LLC for purposes of redressing injuries suffered as a result of Menu Foods' sale of contaminated pet food.

2. Prior to retaining counsel, I contacted Menu Foods to see if it would compensate me.

3. After I retained counsel, Menu Foods or its agent ("Menu") called and I informed it that I had hired an attorney who instructed me not to discuss my case with it.

4. Despite this, in the last week I have received three automated phone calls from Menu.

Under penalty of perjury under the laws of the United States, I declare that the foregoing is true and correct and that this declaration was executed on May 22, 2007.

                                                 [signed copy to follow]
                                                 AJ Cook

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
JARED WORKMAN, et al           )
                               )
                Plaintiffs,    )    No. 07-cv-1338
                               )
        v.                     )
                               )
MENU FOODS LIMITIED, et al     )
                               )
                Defendants.    )
-------------------------------x
```

### Declaration of Pamela Newman

Based on personal knowledge I swear as follows:

1. I am a client of Blim & Edelson, LLC for purposes of redressing injuries suffered as a result of Menu Foods' sale of contaminated pet food.

2. Prior to retaining counsel, I contacted Menu Foods to see if they would compensate me. Once I retained counsel, I informed Menu Foods (and/or its agents, collectively "Menu") of that fact and informed Menu I was not interested in speaking to it further.

3. Since then I have received approximately five phone calls from Menu, some of which were automated.

Under penalty of perjury under the laws of the United States, I declare that the foregoing is true and correct and that this declaration was executed on May 22, 2007.

/s/ Pamela Newman (w/ permission)
Pamela Newman

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JARED WORKMAN, et al | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-cv-1338 |
| | ) | |
| v. | ) | |
| | ) | |
| MENU FOODS LIMITIED, et al | ) | |
| | ) | |
| Defendants. | ) | |

**Declaration of Mike Floyd**

Based on personal knowledge I swear as follows:

1. I am a client of Blim & Edelson, LLC for purposes of redressing injuries suffered as a result of Menu Foods' sale of contaminated pet food.

2. Prior to retaining counsel, I contacted Menu Foods through its website to see if it would compensate me.

3. Although I am now represented by counsel and no longer wish to speak directly to Menu Foods or its agents, I have received at least three automated messages in the last two weeks.

Under penalty of perjury under the laws of the United States, I declare that the foregoing is true and correct and that this declaration was executed on May 22, 2007.

*Michael R. Floyd*
Mike Floyd

-1-